```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO.  07-60636-Civ-COHN
                         MAGISTRATE JUDGE P. A. WHITE
```

NYKA TOSSAINT O'CONNOR,         :

    Petitioner,             :

v.                              :        REPORT OF
                                                    MAGISTRATE JUDGE
WALTER A. McNEIL,[1]            :

    Respondent.             :
_____

Nyka Tossaint O'Connor, a state prisoner confined at Union Correctional Institution, filed this pro se application for habeas corpus relief from his convictions of third degree felony murder and armed robbery in Broward County Circuit Court case number 00-5323 CF 10B on April 25, 2007.[2] Although the petitioner styles his petition as being brought pursuant to 28 U.S.C. §2241, in substance the petitioner seeks relief from his convictions pursuant to §2254.[3]

---

[1] Walter A. McNeil has been named Secretary of the Florida Department of Corrections, replacing former Secretary James McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1) McNeil is now the proper respondent in this action and should "automatically" be substituted for McDonough. Accordingly, the Clerk is directed to docket and change the designation of the respondent.

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Vanderberg v. Donaldson, 259 F.3d 1321 (11 Cir. 2001); Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 7]

[3] A federal court can issue a writ of habeas corpus to a detainee who has not been convicted of a crime but who is confined in violation of federal constitutional law pursuant to 28 U.S.C. §§ 2241-43.  Examples of such cases include suits by individuals

In his initial petition [DE 1],[4] O'Connor makes the following claims:

1. The State of Florida has no jurisdiction to restrain his liberty.

2. His right to be free of unlawful search and seizure was violated.

3. He has been deprived of his liberty in violation of his rights to due process, effective counsel, and a jury of his peers.

4. His detention violates the Uniform Commercial Code and amounts to fraud.

5. The State of Florida has no authority to exercise power over him because he is a sovereign individual.

---

detained pursuant to orders of commitment to mental hospitals, court-martial, and deportation or exclusion. See generally, 17 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4261 (1988). In a rare use of the writ, a court may provide relief to a foreign citizen in the custody of the United States for an act committed in his country involving international law. 28 U.S.C. § 2241(4). In addition, convicted prisoners, both state and federal, can invoke Section 2241 to challenge the constitutionality of measures that impact upon their durations of confinement, such as disciplinary proceedings or decisions concerning furlough applications.

Here, on the other hand, the nature of O'Connor's claims for relief make it apparent that he seeks release from the incarceration he presently is serving as the result of the criminal convictions entered in Broward County, so despite his attempts to cast it otherwise, this petition is governed by §2254 rather than §2241.

[4]A supplemental order to show cause initially was entered, seeking clarification as to the nature of O'Connor's detention. [DE 9] After a *sua sponte* extension of time [DE 11], O'Connor submitted a pleading "in admiralty" that essentially was gibberish. [DE 13] At that juncture an order to show cause was issued, with the expectation that the state's response would clarify the petitioner's status.

2

      6.    Because he is a sovereign and an ambassador of a foreign state, the actions of the State of Florida violate international law and his political rights.

      7.    He has been subjected to slavery and involuntary servitude.

On April 12, 2000, O'Connor and a codefendant were indicted for first degree murder and armed robbery in the shooting death of Clifford Clarke, who was killed during a drug transaction. [DE 22, Ex.1, Ex.6 at 6-7] After the results of an initial trial were reversed on direct appeal, O'Connor v. State, 835 So.2d 1226 (Fla. 4 DCA 2003) [DE 22, Ex.9], the petitioner was convicted on retrial of third degree felony murder as a lesser included offense of first degree murder, and of armed robbery as charged. [DE 22, Ex.11] On December 18, 2003, O'Connor was sentenced to life in prison. [DE 11, Ex.12]

O'Connor again prosecuted a direct appeal. [DE 22, Ex.14] This time, his convictions and sentence were affirmed in a brief memorandum opinion on March 9, 2005, "without prejudice to Appellant's right to make a claim of ineffective assistance of counsel." O'Connor v. State, 895 So.2d 528 (Fla. 4 DCA 2005). [DE 22, Ex.16] O'Connor's convictions became final ninety days thereafter, on June 7, 2005.[5]

---

[5]For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

The one-year period of limitation applicable to §2254 petitions is set out in 28 U.S.C. §2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's limitations period is tolled by properly-filed applications for state postconviction relief. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document,

the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000)(<u>overruling</u> <u>Weekley v. Moore</u>, 204 F.3d 1083 (11 Cir. 2000)).

In this case, after O'Connor's convictions became final on June 7, 2005, over 14 months of untolled time elapsed until he submitted a petition for a state writ of habeas corpus on or about August 18, 2006, which was denied on September 20, 2006. [DE 22, Ex.18] Since well over a year passed between the date that O'Connor's convictions became final and the filing of his first application for state post-conviction or collateral review, the AEDPA limitations expired in the interim, and this federal petition is untimely. <u>See</u> <u>Tinker v. Moore</u>, 255 F.3d 1331 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11 Cir. 1999)(same).[6]

After the state argued in its response to the order to show cause that this petition is subject to dismissal as time-barred [DE 21], the petitioner filed two additional pleadings in the lawsuit. However, one purports to put the court on notice that the petitioner objects to his name being spelled entirely with capital letters [DE 24] and the other notifies the court that he has received the receipt for his filing fee [DE 25]; neither has any bearing on the issue of the timeliness of this petition.

---

[6]As the respondent argues, any subsequently-filed state collateral proceedings had no effect on the untimeliness of this petition, because they could not revive the expired AEDPA limitations period. <u>Tinker v. Moore</u>, <u>supra</u>.

Entry of the order that is generally entered requiring a <u>pro se</u> petitioner to state whether one or more of the four factors listed above justifies consideration of an untimely petition for writ of habeas corpus apparently was inadvertently omitted in this case. However, although O'Connor did not receive the order regarding the limitations period, at this point this Report and Recommendation places him on notice that his petition is subject to dismissal as time-barred, and he may make any additional appropriate arguments opposing that disposition by filing timely objections to this report.

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus be dismissed, as time barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 25th day of February, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Nyka Tossaint O'Connor, <u>Pro Se</u>
     DC #199579
     Union Correctional Institution
     7819 N.W. 228 Street
     Raiford, FL 32026

     Melanie Dale Surber, AAG
     Office of the Attorney General
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401-3428

6